```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KIDNEY DIALYSIS AND TRANSPLANT GROUP
PLLC, KIDNEY DIALYSIS AND TRANSPLANT
GROUP INC., NABIL GUIRGUIS, M.D.,
SERENA GUIRGUIS, VERINA GUIRGUIS,
CHRISTINA GUIRGUIS, MEDSTAR REAL
ESTATE AND DEVELOPMENT LLC, GENTLE
DIALYSIS CENTER**

        Plaintiffs,

v.                          //    CIVIL ACTION NO. 1:15CV239
                                      (Judge Keeley)

**MAGED GOUDA, Security Guard, MOMTAZ
GOUDA, CLAIR FAHMY, RHONDA MALAK, EMAD
MALAK, AMAL GUIDA GUIRGUIS, SUNSHINE
DAY CARE ACADEMY, BRICKSTREET INSURANCE,
or any other worker's compensation of
Sunshine Day Care Academy, SCOTTSDALE
INSURANCE CO, JOSEPH PITROLO, PITROLO &
ASSOCIATES, PLLC, PITROLO & ASSOCIATES
Professional Insurance, PITROLO &
ASSOCIATES Business Insurance, PRINCIPLE
HOFFMAN, JOHNSON ELEMENTARY SCHOOL, AMY
LANHAM, SHANNON THOMAS, TAMMY HAMNER,
JOHN WALKER, Chief of Bridgeport Police West
Virginia, TERRY WALKER, Director of local
Clarksburg Child Protective Service, JAMES
KEENAN, SHERRILL POWELL, employee of Sunshine
Daycare Academy, LORI B. JACKSON, in her personal
capacity, JOHN LANHAM, JAMES AND JONES,**

        Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING
<u>REPORT AND RECOMMENDATION [DKT. NO. 427] AND DISMISSING CASE</u>**

        On December 29, 2015, the plaintiffs, Dr. Nabil Guirguis, Kidney Dialysis and Transplant Group PLLC, Kidney Dialysis and Transplant Group Inc., Serena Guirguis, Verina Guirguis, Christina Guirguis, MedStar Real Estate and Development LLC, and Gentle

**KIDNEY DIALYSIS et al. v. GOUDA et al.                    1:15CV239**

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 427] AND DISMISSING CASE**

Dialysis Center (collectively, "the plaintiffs"), filed a complaint purporting to state a federal RICO claim (Dkt. No. 1). Because the plaintiffs were acting pro se,[1] the Court referred the case to the Honorable Michael J. Aloi, United States Magistrate Judge (Dkt. No. 7), who issued a report and recommendation ("R&R") on May 3, 2016, recommending that the Court dismiss the complaint for lack of subject matter jurisdiction (Dkt. No. 427). The plaintiffs objected to the R&R on May 25, 2016 (Dkt. No. 453). The question presented is whether the Court can grant leave to amend the complaint when it clearly lacks subject matter jurisdiction. For the reasons that follow, the Court **ADOPTS** the R&R, **OVERRULES** the plaintiffs' objections, and **DISMISSES WITHOUT PREJUDICE** the complaint.

## BACKGROUND

On December 29, 2015, the plaintiffs filed suit in this Court, citing both diversity[2] and federal question as a basis for

---

[1] On May 23, 2016, attorney Robert P. Dunlap, II, appeared on behalf of all plaintiffs (Dkt. No. 444).

[2] Although the plaintiffs originally claimed that the Court had diversity jurisdiction, they admitted in the complaint that all plaintiffs are not diverse from all defendants. See Dkt. No. 1 at 4 (listing the plaintiffs, some of whom are West Virginia corporations and entities, as well as the defendants, some of whom live in West Virginia). In their objections, the plaintiffs concede that diversity jurisdiction does not exist (Dkt. No. 453 at 8, n.2). The Court will therefore only address the issue of

2

jurisdiction (Dkt. No. 1 at 1). The plaintiffs' complaint includes the following allegations: (1) On January 1, 2014, defendants Maged Gouda and his wife demolished the interior of the MedStar building in Bridgeport, West Virginia, resulting in $250,000 in damages; (2) defendant Clair Fahmay "controlled and organized the members of the Gouda family to conduct many unlawful acts . . ."; (3) defendant Amal Guida Guirguis forged Dr. Guirguis's signature on a $1,000,000 life insurance policy and designated herself as the sole beneficiary; (4) members of the Gouda family opened a "secret account" at Citi Bank, which Amal Guida Guirguis used to launder money; (5) the Gouda family "committed welfare fraud and ripped the system off by hundreds of thousands of dollars"; and (6) the Gouda family destroyed Dr. Guirguis' businesses by "committing embezzlement, money laundry [sic], theft by deception, perjury, identity theft, false pretense, vandalizing businesses, defamation of character of Dr. Guirguis, and shutting down his businesses to replace them with franchised daycare business in WV, SC, and NJ." (Dkt. No. 1 at 2-6).

The plaintiffs seek a litany of relief, including compensatory damages in the amount of $5,000,000 to $7,000,000. <u>Id.</u> at 11, 13.

---

federal question jurisdiction.

In addition, they seek an injunction regarding a breach of settlement agreement. Id.

As thoroughly recounted in Magistrate Judge Aloi's R&R (Dkt. No. 427), which the Court incorporates by reference, each served defendant has filed a motion to dismiss. Although each defendant's legal arguments vary, all contend that the Court lacks subject matter jurisdiction because the plaintiffs failed to allege a federal question (Dkt. No. 427 at 3-9). The plaintiffs jointly opposed the motions on April 14, 2016, asking the Court either to deny the motions to dismiss or to grant leave to amend the complaint (Dkt. Nos. 367, 368). Notably, the plaintiffs declined to substantively address the motions to dismiss, stating that they wanted to save the Court's resources by amending the complaint. Id. Eight of the defendants replied to the plaintiffs' motion to amend the complaint and response (Dkt. Nos. 395, 396, 397, 398, 399, 400, 401, 402, 422).

In his R&R, Magistrate Judge Aloi recommended that the Court grant the motions to dismiss and dismiss the plaintiffs' complaint for the following reasons. First, Dr. Guirguis cannot represent the other plaintiffs because he is not an attorney.[3] Second, the

---

[3] Mr. Dunlap's appearance on behalf of all plaintiffs moots this ground for dismissal.

4

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 427] AND DISMISSING CASE**

Court lacks subject matter jurisdiction as no federal question is present and the parties are not diverse. Finally, even if jurisdiction did exist, the complaint fails to state a claim upon which relief can be granted. The R&R also recommended that the Court deny the plaintiffs' motion to amend the complaint because, among others, amendment would be futile. Id. at 18.

On May 25, 2016, the plaintiffs objected to the R&R and again requested that the Court deny the motions to dismiss or grant them leave to file a first amended complaint (Dkt. No. 453 at 2). Conceding that their complaint "does not coherently articulate this Court's subject matter jurisdiction," the plaintiffs nonetheless seek leave to amend to cure these deficiencies. Id. at 7-8. They contend that Dr. Guirguis attempted to efficiently resolve the motions to dismiss by seeking permission to amend the complaint to address the deficiencies noted in the motions. They also assert that the R&R failed to properly consider Fed. R. Civ. P. 15, which provides that Courts should freely grant leave to amend. Id. at 9-10. The matter is now fully briefed and ripe for disposition.

## STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636 (2012), the court must review de novo only the portion to which an objection is timely made. 28

5

U.S.C. § 636(b)(1)(C). When no objections to the R&R are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825, 828 (E.D. Cal. 1979). Here, because the plaintiffs objected to the R&R, the Court's review is de novo.

## APPLICABLE LAW

### A.  Subject Matter Jurisdiction

Title 28 U.S.C. § 1332 grants district courts subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "This provision for federal question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 391 (1987). In effect, the well-pleaded complaint rule allows the plaintiff to be the "master of the claim" and "avoid federal jurisdiction by exclusive reliance on state law." Id. at 392; see, e.g., Great N. Ry. Co. v. Alexander, 246 U.S. 276, 282 (1918) ("(T)he plaintiff may by the

allegations of his complaint determine the status with respect to removability of a case. . . .").

**B.	Motion to Amend**

Fed. R. Civ. P. 15 permits a plaintiff to amend the complaint "once as a matter of course" within either 21 days after serving the complaint or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although the grant or denial of a motion to amend is within the discretion of the Court, Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013), the Fourth Circuit has interpreted Rule 15(a)(2) to require that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)).

7

**KIDNEY DIALYSIS et al. v. GOUDA et al.**                          **1:15CV239**

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 427] AND DISMISSING CASE**

**ANALYSIS**

The plaintiffs are not entitled to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(1) as a matter of right because they did not seek to amend until April 14, 2016, which was more than 21 days after December 29, 2015, when they filed the complaint (Dkt. No. 368). See Fed. R. Civ. P. 15(a)(1)(A)-(B). As they correctly note, they now must seek permission to amend, which the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In their objections to the R&R, the plaintiffs essentially concede that the original complaint does not vest the Court with subject matter jurisdiction (Dkt. No. 453 at 7). The Court agrees, finding no federal cause of action.

The plaintiffs nonetheless seek to cure this deficiency by filing an amended complaint. Id. at 7-8. The essential issue in this case, thus, is whether the Court may grant leave to amend the complaint when it lacks jurisdiction over the case. This it cannot do.

A federal court's jurisdiction "ordinarily depends on the facts as they exist when the complaint is filed." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). Simply put, a court without subject matter jurisdiction lacks the authority to

8

grant a party's motion to amend the complaint.  Saxon Fibers, LLC v. Wood, 118 F. App'x 750, 752 (4th Cir. 2005) (citing Whitmire v. Victus, Ltd., 212 F.3d 885, 888 (5th Cir. 2000)); see also Justice v. Branch Banking and Tr. Co., No. 2:08-230, 2009 WL 853993, at *13, n.16 (S.D.W. Va. Mar. 24, 2009) (Copenhaver, J.) ("Lacking the power to do so, the court does not reach the defendants' motions to dismiss or plaintiff's motion to amend the complaint.").  A party may not "obtain leave of court to amend a complaint to allege a federal cause of action not previously pled when the court had no jurisdiction over the original complaint."  Saxon Fibers, 118 F. App'x at 752 (citing Newman-Green, 490 U.S. at 831-32).

In Saxon Fibers, a case purportedly brought pursuant to the district court's diversity jurisdiction, the plaintiff sought to amend the complaint to add a federal RICO claim.  Id. at 751. After the district court granted the motion to amend, the case proceeded to trial, where the jury awarded the plaintiffs $468,679 in damages and the court awarded $79,873.12 in attorneys' fees. Id. at 752.  On appeal, the Fourth Circuit vacated the judgment and remanded the case with instructions for the district court to dismiss for lack of subject matter jurisdiction.  Id. at 753.  The court concluded that diversity jurisdiction had never existed, and that the district court "therefore never had subject matter

jurisdiction over this suit and, in particular, lacked jurisdiction to authorize the amendment of the original complaint." Id.

Here, the Court lacks subject matter jurisdiction over the plaintiffs' suit because the complaint fails to state a federal question. See Caterpillar, 482 U.S. at 391. Consequently, it cannot grant the plaintiffs' motion to amend the complaint and must dismiss the case. Saxon Fibers, 118 F. App'x at 752.

## CONCLUSION

For the reasons discussed, the Court:

- **ADOPTS** the R&R (Dkt. No. 427);

- **OVERRULES** the plaintiffs' objections (Dkt. No. 453);

- **GRANTS** the defendants' motions to dismiss (Dkt. Nos. 34, 38, 39, 43, 48, 61, 64, 66, 69, 72, 76, 113, 123, 147, 148, 250, 276, 278, 285, 288];

- **DENIES** the plaintiffs' motion to amend the complaint (Dkt. No. 368);

- **DISMISSES WITHOUT PREJUDICE** the complaint (Dkt. No. 1); and

- **DIRECTS** the Clerk to terminate the pending motions as moot (Dkt. Nos. 270, 366).

It is so **ORDERED.**

**KIDNEY DIALYSIS et al. v. GOUDA et al.                    1:15CV239**

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 427] AND DISMISSING CASE**

The Court **DIRECTS** the Clerk to enter a separate judgment order, to transmit copies of both orders to counsel of record and to all pro se parties by certified mail, return receipt requested, and to remove this case from the Court's active docket.

Dated:  June 1, 2016.

>                    /s/ Irene M. Keeley
>                    IRENE M. KEELEY
>                    UNITED STATES DISTRICT JUDGE